885 A.2d 29 (2005)
381 N.J. Super. 138
STATE of New Jersey, Plaintiff-Appellant,
v.
Marquis GILCHRIST, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 6, 2005.
Decided November 3, 2005.
*30 Edward J. De Fazio, Hudson County Prosecutor, attorney for appellant (John R. Mulkeen, Assistant Prosecutor, on the brief).
Yvonne Smith Segars, Public Defender, attorney for respondent (Abby P. *31 Schwartz, Assistant Deputy Public Defender, of counsel and on the brief).
Before Judges WEFING, WECKER and GRAVES.
The opinion of the court was delivered by
GRAVES, J.A.D.
In this case we must decide whether the State can be compelled to provide defendant Marquis Gilchrist with a photograph of M.C., an adult female he allegedly raped. On March 15, 2005, the trial court considered defendant's motion "for an order directing the prosecutor to provide the defense with a photograph of the complaining witness, . . . pursuant to court Rule 3:13-3(c), the Sixth Amendment of the U.S. Constitution, and Art. 1, ¶ 10 of the New Jersey Constitution." The trial court granted defendant's motion but stayed the order pending the State's interlocutory appeal. We now reverse.
On November 20, 2003, at approximately 3:30 a.m., M.C. noticed a shadow in her bedroom and realized that someone was there. The intruder, a man, jumped on her, made her face the floor, and he threatened her with a weapon. He wrapped a shirt around her eyes and tied her hands behind her back. After searching for items to steal from M.C.'s apartment, the intruder told M.C., "you have no money so I have to take something from you." He then vaginally penetrated the victim. M.C. felt semen fall on her stomach, and she wiped it off with a blanket from the bed after her assailant left through the bedroom window.
According to M.C., while the incident was taking place the man told her:
Ok, so I know everything about you and I went through your stuff, I know where you work, I went, I know where you live I've seen you, I've seen you, and I don't want nobody to know about this, and if I know that you ya know told anybody ya know they need time [to] get a warrant to get me so I'm gonna come back and get you. I'm gonna kill you if I know that somebody knows about this. I will kill you.
A few days later on November 24, 2003, defendant was arrested for allegedly burglarizing a home in the area where M.C. resided. At the request of the police, defendant voluntarily provided a DNA sample. Defendant's DNA sample matched the DNA samples taken from the blanket that M.C. used to wipe the semen off her stomach after she was sexually assaulted.
A Hudson County Grand Jury indicted defendant on the following charges: three counts of aggravated sexual assault, kidnapping, burglary, and criminal restraint. Defendant is presently in custody. There are two other indictments pending against defendant charging him with burglary and robbery. M.C. has since moved from the apartment where the assault occurred.
Defendant's "motion for further discovery" requested a photograph of M.C. to assist defendant in preparing his legal defense. Defendant's brief in support of his discovery motion stated: "In order to prepare to cross-examine [M.C.] at trial, it is essential that Mr. Gilchrist see her photograph before trial as part of the defense investigation.... [P]osing for a photograph imposes no material burden on [M.C.], who will have to confront Mr. Gilchrist in person at trial; not providing Mr. Gilchrist with a photograph will for a certainty impair Mr. Gilchrist's ability to prepare his defense."
The State advised the trial court that it would have complied with defendant's request if the victim did not object. But when M.C. was contacted by the prosecutor's office, she "expressed overwhelming *32 fear that the giving of a photograph to the defendant would make it easier for the defendant to fulfill his earlier threats to find her and kill her. She was relieved to hear that defendant had forgotten her face." As a result of this conversation, the prosecutor's office opposed defendant's application.
No testimony was taken prior to the entry of the order under appeal. Defendant's attorney told the trial court that defendant knows the name and address of the alleged victim, but he "does not know what the lady looks like." Defendant argued it is "essential" to obtain a photograph of the alleged victim so that he can determine if he knows her:
He knows that there's a complaining witness. He knows a name. He knows an address. He does not know what the lady looks like. He ... needs to have a view of her facial features in some form or fashion to determine if this is somebody who he knows, who he may have had some kind of exchange with in the past. There may have been or may not have been an incident. She may be a total stranger to him or she may be someone that he remembers from a past encounter. It might very well yield information that is essential to his defense, Your Honor.
....
This is implicating Mr. Gilchrist's right to confrontation, his right to effective assistance of counsel. Basically Defense cannot mount an investigation without this essential nugget of information: does he or does he not know this woman from the past.
The prosecutor argued that defendant did not have a "right to confront witnesses pretrial," and he stated that if defendant "wants a trial, that's no problem. We'll of course, bring her in for that purpose." The State also argued that defendant's motion should be denied because he failed to present any legitimate reason for obtaining M.C.'s photograph:
If he wants to give some proffer as to how this could be an ex-girlfriend, if he knows the person's name. But, I mean, we have nothing, we have absolutely nothing.... I can understand from a strategic perspective that the Defense... wouldn't want to necessarily further incriminate this defendant who's already got a lot of proof stacked up against him. But if they're going to ask the Prosecutor's Office to go and photograph this victim, make her feel arguably, make her feel like, you know, she's being processed, then the State's position is we, we really need to know why.
While acknowledging that he was uncertain why defendant wants or needs M.C.'s photograph, the trial judge, nevertheless, granted defendant's motion, reasoning as follows:
Let's throw the law aside for a minute and let's be practical. What's going to be more alarming to [the] victim, somebody standing in front of her house with a camera and when she opens the door, click, or kind of being explained to her that yes, . . . this is what's going to happen. There's going to be a picture taken of you. The person will get to see you at trial anyway, but they want a picture of you to see if they ever had a confrontation with you in the past.
....
I take it they're going to get a picture of her. She needs to live her life. She doesn't need to live her life in fear either. I don't know if something happened. I know the gentleman is charged with a brutal crime. I'm very mindful of that. But if they want to get a picture of her, .... they're going to get a picture of her.

*33 So I think why don't we just do this as easily ... as non-threatening to her as possible, other than having somebody flash a bulb in her face. I mean, there really is no law on this other than I don't think I could stop them from taking her picture if I wanted to.
Preliminarily, we note our concern with the trial court's approach. We perceive no legitimate reason to "throw the law aside" in an effort to achieve a practical solution. Notwithstanding the best of motives, a judge's role is circumscribed by the law. A judge is not free to do whatever he or she thinks is best for a defendant, or a crime victim, without reference to controlling legal principles. To do so is to depart from his or her proper role as a judge.
Both the Federal and New Jersey Constitutions "guarantee criminal defendants `a meaningful opportunity to present a complete defense.'" State v. Garron, 177 N.J. 147, 168, 827 A.2d 243 (2003) (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636, 645 (1986)), cert. denied, 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004). To ensure that opportunity, each criminal defendant has the right "to be confronted with the witnesses against him." U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. This right "is made obligatory on the States by the Fourteenth Amendment." Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 926 (1965). A defendant's right to confront and effectively cross-examine the State's witnesses is essential to the due process right to a "fair opportunity to defend against the State's accusations," and is one of "the minimum essentials of a fair trial." Chambers v. Mississippi, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297, 308 (1973).
"The right to confront one's accusers is a concept that dates back to Roman times." Crawford v. Washington, 541 U.S. 36, 43, 124 S.Ct. 1354, 1359, 158 L.Ed.2d 177, 187 (2004). The ultimate goal of the Confrontation Clause "is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." Crawford, supra, 541 U.S. at 61, 124 S.Ct. at 1370, 158 L.Ed.2d at 199.
The right to question adverse witnesses, however, "does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Pennsylvania v. Ritchie, 480 U.S. 39, 53, 107 S.Ct. 989, 999, 94 L.Ed.2d 40, 54 (1987) (plurality opinion); State v. Krivacska, 341 N.J.Super. 1, 35, 775 A.2d 6 (App.Div.), ("The Confrontation Clause is not a constitutionally compelled right to discovery in a criminal case."), certif. denied, 170 N.J. 206, 785 A.2d 435 (2001), cert. denied, 535 U.S. 1012, 122 S.Ct. 1594, 152 L.Ed.2d 510 (2002) State v. Cusick, 219 N.J.Super. 452, 463, 530 A.2d 806 (App.Div.) (finding that trial court properly refused to permit defendant access to victim's records maintained by Division of Youth and Family Services and Arthur Brisbane Child Treatment Center because "information was not determinative of any issues before the court or necessary for the conduct of the proceedings."), certif. denied, 109 N.J. 54, 532 A.2d 1118 (1987).
In this case, defendant has failed to articulate any legitimate basis for obtaining M.C.'s photograph, and we conclude that neither the Sixth Amendment nor the Fourteenth Amendment requires the State to furnish him with her photograph. See State v. R.W., 104 N.J. 14, 28, 514 A.2d *34 1287 (1986) ("[A]llowing a defendant to forage for evidence without a reasonable basis is not an ingredient of either due process or fundamental fairness in the administration of the criminal laws.").
Should this matter proceed to trial, defense counsel will have an opportunity to cross-examine M.C. regarding her credibility, including any motive to fabricate, and to explore any potential bias or prejudice. If it develops that defendant has had a "past encounter" with M.C., we are confident of the trial court's ability to address any evidentiary issues or other problems that may arise without jeopardizing defendant's right of confrontation and his right to present a complete defense.
"Defendant's post-indictment right to discovery is automatic." Pressler, Current N.J. Court Rules, comment 3.1 on R. 3:13-3 (2006). Rule 3:13-3(c) requires the State to permit defendant to inspect and copy or photograph relevant material specifically enumerated in the rule.[1] Generally, a defendant in a criminal case is entitled to broad discovery. State v. D.R.H., 127 N.J. 249, 256, 604 A.2d 89 (1992). "Nevertheless, criminal discovery has its limits." Ibid. A defendant should not be allowed to "transform the discovery process into an unfocused, haphazard search for evidence." Ibid. Another significant limitation on a defendant's right to discovery is "the chilling and inhibiting effect that discovery can have on material witnesses who are subjected to intimidation, harassment, or embarrassment." Ibid. (citations omitted).
Although defendant claims that M.C.'s photograph is "essential" to his defense, the State contends that there has been no showing that the photograph will be either relevant or exculpatory. "Relevant evidence" is defined as "evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. In determining whether evidence is relevant, the inquiry should focus upon "the logical connection between the ... evidence and a fact in issue." State v. Darby, 174 N.J. 509, 519, 809 A.2d 138 (2002) (quoting State v. Hutchins, 241 N.J.Super. 353, 358, 575 A.2d 35 (App.Div.1990)). We agree that defendant has failed to show how M.C.'s photograph is relevant to his claim of innocence, and he has also failed to explain how the photograph might be exculpatory. See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215, 218 (1963) (defendant is entitled to disclosure of all exculpatory evidence); see also State v. Morton, 155 N.J. 383, 413, 715 A.2d 228 (1998), ("A Brady violation occurs when a prosecutor fails to turn over material, exculpatory evidence to the defendant."), cert. denied, 532 U.S. 931, 121 S.Ct. 1380, 149 L.Ed.2d 306 (2001) Thus, defendant's reliance on R. 3:13-3(c) is misplaced.
Because M.C. was sexually assaulted and her attacker told her that he would kill her if she told anyone what happened, the State argues that M.C.'s fears are objectively reasonable and that she will be "victimized again" if she is forced to submit to a court-ordered photograph. The State also claims that the trial court's decision will have a "chilling effect on victims."
The Victim's Rights Amendment of the New Jersey Constitution mandates that "[a] victim of a crime shall be treated with *35 fairness, compassion and respect by the criminal justice system." It also states that crime victims "shall be entitled to those rights and remedies as may be provided by the Legislature." N.J. Const. art. 1, ¶ 22. In 1985, the Legislature enacted the Crime Victim's Bill of Rights, N.J.S.A. 52:4B-34 to-38, which granted crime victims and witnesses certain rights, including the right to be treated with dignity and compassion, and the right to be free from intimidation. N.J.S.A. 52:4B-36(a), (c). As part of its findings and declarations, our Legislature stated "that without the participation and cooperation of crime victims and witnesses, the criminal justice system would cease to function. The rights of these individuals should be given full recognition and protection." N.J.S.A. 52:4B-35. And in sexual assault cases, the Court has recognized a special need to protect victims and witnesses from emotional trauma, embarrassment, and intimidation. State v. R.W., supra, 104 N.J. at 28, 514 A.2d 1287 (finding that any possible evidentiary benefit to defendant from a court-ordered examination of a witness was outweighed by witness's right to privacy and public need to encourage victims of crimes to report and assist in prosecution of offenses).
The trial court was not insensitive to M.C.'s concerns, but it failed to properly evaluate all of the relevant considerations. "Judicial discretion connotes conscientious judgment, not arbitrary action; it takes into account the law and the particular circumstances of the case before the court." Higgins v. Polk, 14 N.J. 490, 493, 103 A.2d 1 (1954). "Whether discovery should be expanded involves exercising judicial discretion or, put another way, balancing the beneficial effects of discovery against its disadvantages." State in the Interest of W.C., supra, 85 N.J. at 224, 426 A.2d 50. Here, any possible benefits to defendant from a court-ordered photograph of M.C. are entirely speculative and are outweighed by other important considerations, including M.C.'s right to privacy; her right to be treated with fairness, compassion, and respect; her right to be free from intimidation; and the need to encourage crime victims to cooperate and participate in the criminal justice system.
The order requiring the State to photograph M.C. and to provide defendant with the photograph is reversed.
NOTES
[1] Because the State does not presently have a photograph of M.C., it argues that the trial court abused its discretion by ordering it "to essentially create evidence on behalf of defendant." We find this argument unpersuasive. See State in the Interest of W.C., 85 N.J. 218, 224, 426 A.2d 50 (1981) (recognizing that courts may order pretrial lineups even though a lineup results in new evidence rather than the disclosure of existing evidence).