**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0982-17T1

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR GSAMP
TRUST 2006-FM1 MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-FM1,

     Plaintiff-Respondent,

v.

STEVEN SCHEFERS and DENIELLE
SCHEFERS,

     Defendants-Appellants,

and

STATE OF NEW JERSEY,

     Defendant.

_____

          Submitted September 18, 2018 - Decided  September 26, 2018

          Before Judges Hoffman and Firko.

          On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-015174-16.

Steven H. Schefers[1], appellant pro se and attorney for Denielle Schefers.

Parker, McCay PA, attorneys for respondent (Gene Mariano, of counsel; Stacy L. Moore, Jr., on the brief).

PER CURIAM

Plaintiff Deutsche Bank National Trust Company, as trustee for GSAMP Trust 2006-FM1 (Bank), initiated this action against defendants, Steven and Denielle Schefers, seeking to foreclose on a mortgage issued in connection with a residential loan. Defendants now appeal the October 28, 2016 order striking their answer, defenses and counterclaims and denying their cross-motion to compel discovery, the December 16, 2016 order denying their motion for reconsideration, and the September 20, 2017 final judgment of foreclosure.[2] Having reviewed the parties' arguments in light of the record and applicable principles of law, we affirm.

I.

We briefly summarize the relevant facts granting all reasonable inferences to defendants. R. 4:6-2(e). On December 14, 2005, Steven executed a note in

---

[1] Mr. Schefers is an attorney.

[2] The trial court issued a Statement of Reasons/Amplification of Prior Opinion on November 14, 2017, pursuant to Rule 2:5-1(b).

A-0982-17T1

the amount of $340,000 to FGC Commercial Mortgage Finance (FGC). The same day, Steven and Denielle executed a residential mortgage as security for the note to Mortgage Electronic Registration Systems, Inc., (MERS) as nominee for FGC. On March 24, 2008, MERS assigned the mortgage to the Bank. A loan modification agreement was signed by defendants on October 17, 2008, and duly recorded on January 20, 2009. Defendants failed to make their scheduled payments beginning in October 2015.

When the Bank filed its foreclosure complaint in the Chancery Division on May 31, 2016, it possessed both the note and mortgage. An answer was filed asserting boilerplate defenses and counterclaims that lacked specificity and did not challenge the Bank's prima facie right to foreclose. Voluminous discovery, including depositions of Bank representatives, was sought by defendants that Judge Francis R. Hodgson found would not provide any "new" information or shed any light on their "compliance with foreclosure requirements." Consequently, on October 25, 2016, the judge granted plaintiff's motion to strike defendants' answer and affirmative defenses, dismissed the counterclaims, denied defendants' motion for additional discovery, and remanded the case to the Office of Foreclosure to proceed as uncontested. On September 20, 2017, a final judgment of foreclosure was entered against defendants in the amount of

A-0982-17T1

$403,933.26 following rejection of defendants' opposition. Their motion for reconsideration was denied.

## II.

On appeal, defendants challenge the Chancery Division orders denying their cross-motion to compel discovery and granting the Bank's motion to dismiss, as well as the final judgment of foreclosure.

We begin our analysis by addressing the order denying defendants' cross-motion to compel. Defendants argue that the judge abused his discretion by failing to order discovery. We disagree.

As noted by the judge:

> Plaintiff has demonstrated the validity of the [n]ote and [m]ortgage and its contractual right to accelerate the principal balance in the event of the borrower's default. Defendants do not dispute executing the loan documents and defaulting on the loan, accordingly, the court is satisfied that plaintiff has established its right to foreclose on the subject property.

Defendants failed to allege any facts establishing that the note and mortgage are invalid. The general denials asserted in their answer lacked detail and specificity. The judge found that the Bank certified as to notice and properly served the Notice of Intent (NOI). Hence, defendants do not articulate how additional documents or depositions would clarify any factual or legal issues in

4

this case. "A defendant should not be allowed to 'transform the discovery process into an unfocused, haphazard search for evidence.'" State v. Gilchrist, 381 N.J. Super. 138, 147 (App. Div. 2005). Absent specific references to documents or anticipated testimony that are integral to resolving this foreclosure action, we discern no reason to overturn the judge's decision and find no abuse of discretion as to his denial of the cross-motion to compel.

III.

Next, we address the Bank's motion to dismiss defendants' counterclaims. In accordance with Rule 4:6-2(e), when reviewing a litigant's pleading to determine the adequacy of the pleaded claims, the appropriate test is a liberal one. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citation omitted). As the Supreme Court instructed, the review must begin by determining "whether a cause of action is 'suggested' by the facts." Ibid. (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). The Court further explained that courts must review pleadings "in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . . ." Ibid. (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). The review of the allegations should take "a generous and hospitable approach," and afford a litigant every "reasonable inference" from

5

the alleged facts. Ibid. "Obviously, if the [counterclaims] [state] no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005).

Proof of execution, recording, and non-payment of a mortgage is sufficient to establish a prima facie case for foreclosure. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Defendants do not dispute the mortgage execution, recordation, or default in this case. Rather, they allege violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(a)(6), and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(a). They also contend that they are entitled to another loan modification. We disagree.

In a cogent and comprehensive opinion, the judge correctly concluded that the FDCPA does not apply to this case because plaintiff is attempting "to collect its own debt" as holder of the note and mortgage as opposed to another entity. Furthermore, the one-year statute of limitations applicable to FDPCA violations expired on December 14, 2006. See 15 U.S.C. § 1692k(d). The judge aptly determined that defendants' allegations of New Jersey Fair Foreclosure Act violations were unfounded because the Bank provided certified copies of the NOIs to defendants, in writing, by certified and regular mail, to their last known

6

address, and to their Manahawkin residence, which is the subject of the foreclosure, in accordance with N.J.S.A. 2A:50-56(b). In her certification, Sarah Lee Stonehocker certified that she is employed by Wells Fargo Bank, N.A., the servicing agent for the Bank. She also certified that she personally reviewed the relevant business records, which were created at or near the time of the events in question. With only assertions of possible misdoings by Ms. Stonehocker presented to the court, and no evidence rebutting her certification, the judge appropriately relied upon same in making his decision.

IV.

In their answer, defendants enumerated sixteen affirmative defenses as follows:

1. Failure to state a claim;

2. Any liabilities already satisfied;

3. Waiver;

4. Failure to mitigate damages;

5. Estoppel;

6. Unclean hands;

7. Statute of limitations;

8. Unjust enrichment;

7

9. Laches;

10. Accord and satisfaction;

11. Lack of service of process;

12. Violation of unnamed federal, state, and local laws;

13. Violation of the Fair Foreclosure Act;

14. Defense related to Hurricane Sandy;

15. Defective service of process; and

16. Wrongful foreclosure.

After conducting a painstakingly detailed analysis of each defense, the judge appropriately relied upon Rule 4:6-5 in striking all of the defenses. "It is well recognized that, where the answer and any proffered defenses fail to challenge the essential elements of the mortgagee's right to foreclose, and fail to interpose a validly recognized defense, the mortgagee is entitled to a final judgment of foreclosure." Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574-75 (Ch. Div. 1995) (citations omitted).

V.

Lastly, we address the final judgment of foreclosure. Defendants argue that they presented "proof of the disputed claims" in response to the Certification of Amount Due filed by the Bank. In response to their challenge to the Bank's

A-0982-17T1

calculation of advancement of homeowner's insurance premiums, real estate taxes, and late charges, the judge found that "defendant[s] [have] not stated with specificity any basis to dispute plaintiff's calculation . . . [therefore] their opposition can be characterized as general and unsupported." The proofs showed defendants were "provided a credit for hazard insurance." We therefore disagree with defendants and find no numerical discrepancies in the Bank's proofs that warrant overturning the final judgment.

To the extent not addressed, defendants' other arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION