**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3189-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MIRAJ A. PATEL,

    Defendant-Appellant.

_____

Argued May 28, 2019 – Decided June 21, 2019

Before Judges Mitterhoff and Susswein.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 44-2013.

Thomas Michael Cannavo argued the cause for appellant (The Hernandez Law Firm, PC, attorneys; Steven W. Hernandez and Thomas Michael Cannavo, of counsel and on the brief).

Joie D. Piderit, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; Joie D. Piderit, of counsel and on the brief).

PER CURIAM

Defendant Miraj Patel appeals from his 2014 driving while intoxicated (DWI) conviction, which arises from an arrest that occurred in December 2011. This is the second time we have heard an appeal in this case. In our prior unpublished opinion, State v. Patel, No. A-1683-14 (App. Div. May 2, 2016), we remanded the matter to the Law Division with instructions to determine, among other things, whether the State's proofs adduced at the municipal court trial were sufficient to support defendant's DWI conviction based on observational evidence.[1] The Law Division judge on remand did not address that part of our decision.

It is vitally important to complete the de novo review of defendant's DWI conviction in light of the New Jersey Supreme Court's decision in State v.

_____

[1] Under N.J.S.A. 39:4-50, a defendant can be convicted of DWI in two distinct ways. The first is characterized as the observational method, and depends on testimony from the arresting officer concerning the defendant's driving behavior, physical appearance, demeanor, the odor of alcoholic beverages, admissions as to recent alcohol consumption, and performance during field sobriety tests.

The second way to prove a DWI offense is characterized as the "per se" method, and is based on objective measurement of the suspect's blood alcohol content (BAC) through chemical blood tests or chemical breath testing using the Alcotest 7110 MKIII-C machine. In this case, the municipal court judge found defendant guilty under both methods for proving a violation of N.J.S.A. 39:4-50.

Cassidy, 235 N.J. 482 (2018), where the Court invalidated the Alcotest breath test results in many cases, including this one. Id. at 498. As a result, defendant's conviction based on a per se violation of N.J.S.A. 39:4-50 is void. We therefore remand this case to complete the de novo review of the municipal court judge's decision to convict defendant based on the observational method for proving a DWI offense.

I.

Defendant was arrested for DWI on December 2, 2011. The facts pertaining to the arrest and DWI investigation were recounted in our prior opinion and need only be summarized in this opinion. In describing the State's proofs at the municipal court trial, we explained:

> Shortly before midnight on December 2, 2011, Woodbridge Police Officer Joseph A. Angelo stopped defendant after observing him travel 44 m.p.h. in a 25 m.p.h. zone. Defendant fumbled with his credentials and smelled of alcoholic beverages. After exiting his vehicle to perform field sobriety tests, defendant swayed while standing in place. He raised his arms for balance during the one-leg-stand test. While he performed the walk-and-turn test, he failed to place the heel of one foot closely in front of the toes of the other, and he twice deviated from a straight line. He admitted he consumed two beers and a shot. His eye movements were not smooth while performing the Horizontal Gaze Nystagmus test.
>
> [Patel, slip op. at 2.]

A-3189-16T1

Defendant produced an expert witness at trial who challenged Officer Angelo's interpretation of defendant's performance during the field sobriety tests and disagreed with the officer's conclusion that defendant was intoxicated. After considering the evidence adduced by the State and by defendant at trial, the municipal court judge found defendant guilty of DWI based on both Alcotest chemical breath test results (a per se violation of N.J.S.A. 39:4-50) and Officer Angelo's testimony concerning defendant's appearance and behavior (an observational violation of N.J.S.A. 39:4-50).

On October 30, 2014, a Superior Court judge conducted a de novo review of the municipal court trial record and affirmed defendant's DWI conviction. However, the judge only addressed the per se method of proving the DWI offense based on the Alcotest results. The judge made no ruling with respect to the observational method for proving DWI.

Defendant appealed and on May 2, 2016, we issued an opinion affirming in part and remanding in part to the Law Division. Patel, slip op. at 28. Most of the issues that were raised in the first appeal related to the admissibility of the Alcotest evidence. We remanded the case to the Law Division to decide, for example, whether it should draw an adverse inference against the State based on

A-3189-16T1

our conclusion that there had been a discovery violation when police failed to preserve a stationhouse surveillance video recording of the events that occurred in the processing room where the Alcotest was administered.[2] We also instructed the Law Division judge on remand to rule on the observational method of proving a DWI offense.

The Law Division judge conducted the remand hearing on December 7, 2016. The judge did not rule explicitly on whether he was drawing an adverse inference based on the discovery violation we had found, although we infer from his brief mention of the issue that he did not draw such an inference. Furthermore, the remand judge did not address the observational method for proving a DWI offense.

On March 13, 2017, defendant moved for reconsideration arguing that the Law Division judge failed to rule on the observational method and failed to

---

[2] We held in our prior opinion that the failure to preserve the surveillance video recording did not violate due process, but nonetheless was a discovery violation under Rule 7:7-7. In reaching that conclusion, we found that the surveillance video was relevant and discoverable material because it might have provided direct evidence of a fact in issue, that is, whether the officer who administered the breath test continuously observed defendant for twenty minutes as required by breath testing protocols. Defendant argued that the officer was distracted from that task when he received a call on his cell phone – a circumstance that might have been corroborated by the deleted surveillance video. Defendant also sought production of the officer's personal cell phone records to establish that the officer used the phone during the twenty-minute pre-test observation period.

consider the negative inference arising from the discovery violation. On March 16, 2017, the Law Division judge denied the motion for reconsideration.

Defendant's present appeal was stayed by a November 2, 2017 order issued by the Special Master appointed by the Supreme Court in Cassidy. That case addressed the impact of a State Police coordinator's failure to properly calibrate the Alcotest machines that were used in five counties. Cassidy, 235 N.J. at 501, 512. On November 8, 2018, the Supreme Court issued its decision in Cassidy, ruling that the Alcotest results from the machines that had been calibrated by that coordinator are inadmissible. Id. at 498. The Supreme Court's ruling affects more than 20,000 cases, including this one. Id. at 496-98.

II.

On this second appeal, defendant presents the following contentions:

> POINT I: THE LAW DIVISION FAILED TO FOLLOW THIS COURT'S REMAND INSTRUCTIONS IN NOT RULING ON THE DWI OBSERVATIONAL PRONG. THUS, THIS COURT SHOULD EXERCISE ORIGINAL JURISDICTION AND ACQUIT DEFENDANT ON THIS PRONG.
>
> POINT II: THIS COURT SHOULD SUA SPONTE APPLY A NEGATIVE INFERENCE TO ALL REMAINING ISSUES FROM THE DISCOVERY VIOLATION IN LIGHT OF THE RECENTLY DECIDED STATE SUPREME COURT CASE OF STATE V. STEIN.

POINT III: GIVEN THE NEGATIVE INFERENCE, THE LAW DIVISION ERRED IN FAILING TO EXCLUDE THE ALCOTEST RESULTS BECAUSE THE STATE FAILED TO SATISFY THE TWENTY-MINUTE OBSERVATION REQUIREMENT.

POINT IV: THE LAW DIVISION ERRED IN AFFIRMING THE MUNICIPAL QUASHING OF THE SUBPOENA FOR THE OFFICER'S CELL PHONE RECORDS. DEFENDANT'S DUE PROCESS AND CONFRONTATION RIGHTS WERE VIOLATED.

III.

In view of the Supreme Court's definitive ruling in <u>Cassidy</u>, all of the issues raised by defendant pertaining to the administration of the Alcotest are moot. <u>See</u> <u>Greenfield v. N.J. Dep't of Corr.</u>, 382 N.J. Super. 254, 257-58 (App. Div. 2006) (an issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy). We therefore need only address the remaining issues that pertain to the observational method for proving a violation of N.J.S.A. 39:4-50.

A.

The Court's decision in <u>Cassidy</u> underscores the need in this case to complete the de novo review of the municipal court judge's decision to convict defendant based on observational evidence. Defendant now urges us to exercise original jurisdiction pursuant to <u>Rule</u> 2:10-5 and undertake the de novo review

7

ourselves. We decline to do so. Original jurisdiction by an appellate court is disfavored where fact-finding is involved. See State v. Santos, 210 N.J. 129, 142 (2012). Relatedly, an appellate court should not invoke original jurisdiction where evidence needs to be weighed anew. Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999). See also State v. Micelli, 215 N.J. 284, 293 (2013) (original jurisdiction by an appellate court is disfavored if the evidence poses issues of credibility or requires the subjective and intuitive evaluations of a trial court).

In this instance, were we to exercise original jurisdiction, we would have to weigh the competing testimony of the arresting officer and the defense expert who criticized the officer's interpretation of the field sobriety test results. The Law Division is better suited to perform the de novo review of the municipal court record, and we are confident that the Law Division on remand will expeditiously review the municipal court's finding of guilt based on the observational method of proving a DWI offense.

## B.

We next consider whether the discovery violation/adverse inference issue has become moot in light of Cassidy, and if not, whether the Law Division judge on remand should draw an adverse inference against the State when considering

A-3189-16T1

whether the State has proved beyond a reasonable doubt that defendant is guilty of DWI based on the observational evidence adduced at the municipal court trial.

When we addressed the adverse inference issue in our prior decision, we analyzed the alleged discovery violation in the context of whether the officer who administered the Alcotest deviated from standards that require that a DWI suspect be observed continuously for twenty minutes before he or she submits a breath sample for chemical testing. We held that the surveillance video was relevant because it might have shown whether the officer complied with Alcotest breath testing procedures. See footnote 2. Defendant now frames the relevance issue in a different fact-sensitive context, arguing that the improperly deleted surveillance video remains relevant after Cassidy because it also would have shown defendant's appearance and demeanor (e.g., swaying, falling asleep, etc.), and not just whether the officer complied with breath-testing procedures.

We agree that the video recording might have shown whether defendant was visibly intoxicated. We therefore conclude that the adverse inference issue is not moot after Cassidy because the surveillance video would have been relevant evidence pertaining to the observational method of proving DWI and not just the per se method. We recognize that the evidential value of stationhouse surveillance video may be considerably less substantial than, for

example, a mobile audio-video recording or body worn camera audio-video recording of field sobriety tests and a suspect's interactions with the arresting officer at roadside. Even so, we are satisfied that a security camera video recording of defendant's physical appearance and behavior in the stationhouse would meet the threshold test of relevance with respect to the observational method of proving a violation of N.J.S.A. 39:4-50. See N.J.R.E. 401 ("'Relevant evidence' means evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action."). See also State v. Gilchrist, 381 N.J. Super. 138, 146 (App. Div. 2005).

We turn next to the appropriate remedy for the discovery violation in the specific context of the observational method for proving a violation of N.J.S.A. 39:4-50. In our prior opinion, we concluded that exclusion of the Alcotest results would be excessive. Patel, slip op. at 21. We held, "[i]nstead, the Law Division may, if it deems it warranted under the facts, draw an inference that the contents of the video were unfavorable to the State." Ibid. We believe that affording discretion to draw an adverse inference is an appropriate remedy with respect to the observational method of proving a DWI offense and therefore should apply as well on the second remand.

A-3189-16T1

Defendant urges us to go one step further and order that a negative inference be drawn against the State. In support of that contention, defendant relies on State v. Stein, 225 N.J. 582 (2016), for the proposition that when the State commits this type of discovery violation, a remedy is required and is not optional. We do not read Stein as requiring that an adverse inference be drawn. For one thing, the Court did not find that there had been a discovery violation in that case and never specifically mentioned the option of using an adverse inference. Rather, the Court explained, "[w]e do not suggest that any discovery violation occurred. If any relevant video recordings were withheld, the Law Division has wide latitude to fashion an appropriate remedy pursuant to Rule 7:7-7(j)." Id. at 601.

Nor does our decision in State v. Richardson, 452 N.J. Super. 124 (App. Div. 2017), require that we order that an adverse inference be drawn against the State because of the discovery violation. That case involved the failure to preserve surveillance video recordings from the police booking room that likely would have documented the search of the defendant's sock that revealed multiple packets of heroin. Id. at 128. We concluded that a discovery violation had occurred and that the trial court abused its discretion when it refused defendant's request for an adverse inference jury instruction. Id. at 137-42. We interpret

Richardson to require that the trier of fact be instructed that it may[3] draw an adverse inference against the State; we do not read Richardson to direct the trier of fact to draw a negative inference.

In the present case, of course, there is no jury to charge. Accordingly, we instead instruct that as part of the de novo review of the municipal court's decision to convict defendant of DWI based on the observational evidence adduced at trial, a determination shall be made on the record whether to draw an adverse inference against the State in view of the discovery violation we have

---

[3] In Richardson, we set forth in a footnote the complete text of the analogous Model Jury Charge to be read to the jury when police fail to preserve their interview notes. 452 N.J. Super. at 136 n.5. That instruction reads in pertinent part:

> It is for you the jury to decide the credibility of the evidence presented. In evaluating the officer's credibility, you may infer that notes lost or destroyed by an officer before trial contained information unfavorable or inconsistent with that officer's trial testimony or final report. In deciding whether to draw this inference, you may consider all the evidence in the case, including any explanation given as to the circumstances under which the contemporaneous notes were lost or destroyed. In the end, however, the weight to be given to the testimony, and to the loss or destruction of the notes, is for you, and you alone, to decide.
>
> [Model Jury Charge (Criminal), "Failure of Police to Preserve Notes" (2011) (emphasis added).]

A-3189-16T1

already found. The reasons for drawing or refraining from drawing a negative inference against the State, and the impact of any such adverse inference, if drawn, shall be placed on the record to allow for appropriate review of the exercise of judicial discretion. We believe this approach is consonant with the principles established in Stein and Richardson, ensuring that the discovery violation is addressed while affording latitude to tailor the remedy to the particular facts and circumstances of this case.

Any arguments posed by defendant that we have not addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

For the foregoing reasons, we remand this case to the Law Division to complete the de novo review of defendant's municipal court DWI conviction based on the observational method for proving a violation of N.J.S.A. 39:4-50. The Law Division judge shall issue its decision by August 15, 2019. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3189-16T1