**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0831-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SAMUEL RYAN,

     Defendant-Appellant.

_____

Submitted May 21, 2025 – Decided June 3, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 96-04-0511.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Samuel Ryan appeals from two separate October 11, 2023 orders denying his petition for post-conviction relief (PCR) based on ineffective assistance of trial and PCR counsel and denying his motion for a new trial based on newly discovered evidence. Additionally, defendant appeals from a January 14, 2024 order denying his motion for a new trial based on the State's alleged Brady violation.[1] Defendant's motions were decided without an evidentiary hearing. We affirm all orders on appeal.

The facts leading to defendant's convictions for attempted murder, armed robbery, and weapons charges are set forth in our prior opinion. See State v. Ryan, No. A-3008-97 (App. Div. June 8, 1999). On direct appeal, we affirmed the convictions but remanded for the sentencing court to merge defendant's conviction for possession of a handgun with his convictions for attempted murder and armed robbery. Id., slip op. at 9. The New Jersey Supreme Court denied defendant's petition for certification. 163 N.J. 78 (1999).

Defendant filed a first PCR petition under Indictment No. 96-04-0511, which was denied by the PCR judge on January 10, 2000. Defendant filed at least ten more post-conviction motions before 2018. Those applications were

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

denied or dismissed.[2] Defendant also filed a petition for habeas corpus, which was denied. See Ryan v. Hendricks, No. 04-CV-4447, 2014 U.S. Dist. LEXIS 8403 (D.N.J. Jan. 21, 2014).

In this appeal, defendant filed another PCR petition alleging his trial and PCR counsel were ineffective because they failed to investigate or interview alibi witnesses who would have placed him elsewhere at the time of the robbery. Defendant claimed he provided the names of the potential alibi witnesses to his trial counsel and submitted affidavits from those alibi witnesses attesting to his presence at a party in Pennsylvania when the robbery occurred.

---

[2] Some of defendant's appeals related to convictions under a different indictment number. Defendant's appeals under Indictment No. 96-04-0475 include: State v. Ryan, No. A-6323-97 (App. Div. Nov. 4, 1999), certif. denied, 163 N.J. 77 (2000); State v. Ryan, No. A-3980-00 (App. Div. Jan. 23, 2002); and State v. Ryan, No. A-0004-09 (App. Div. Aug. 30, 2010), certif. denied, 205 N.J. 99 (2011). Defendant's appeals under Indictment No. 96-04-0511 include: State v. Ryan, A-3773-00 (App. Div. Dec. 2, 2002), certif. denied, 177 N.J. 573 (2003) (PCR); State v. Ryan, No. A-1719-05 (App. Div. June 27, 2008), certif. denied, 196 N.J. 466 (2008) (direct appeal); State v. Ryan, No. A-3631-11 (App. Div. Dec. 14, 2012), certif. denied, 214 N.J. 117 (2013) (PCR); State v. Ryan, No. A-4787-14 (App. Div. Sept. 11, 2015) (PCR); State v. Ryan, No. A-5493-14 (App. Div. Jan. 20, 2017) (illegal sentence); State v. Ryan, No. A-2588-18 (App. Div. Mar. 18, 2019) (illegal sentence); State v. Ryan, No. A-2769-18 (App. Div. Nov. 20, 2020), certif. granted 246 N.J. 316, aff'd, 249 N.J. 581 (2022) (illegal sentence); and State v. Ryan, No. A-0870-23 (App. Div. Sept. 17, 2024) (illegal sentence).

A-0831-23

He also contended the State's trial witness, Gary Williams, lied when he testified defendant confessed to the robbery while the two men shared a cell in the county jail on March 16 and 17, 1997. In support of his ineffective assistance of counsel claim, defendant asserted his attorneys failed to subpoena records from the county jail, which were either exculpatory or could have been used to impeach Williams's testimony at trial.

Further, defendant asserted the State's failure to produce the jail records for Williams resulted in a Brady violation. Defendant claimed the records indicating the dates Williams spent in the county jail constituted exculpatory evidence or could have been used for impeachment purposes and should have been produced by the State prior to trial.

Based on these claims, defendant argued he was entitled to a new trial. Alternatively, he asserted the PCR judge should have conducted an evidentiary hearing on his ineffective assistance of counsel claims.

The PCR judge denied defendant's motions in decisions placed on the record.

Regarding the motion for a new trial based on trial counsel's failure to investigate defendant's claimed alibi witnesses, the judge explained the motion was time-barred under Rule 3:22-12(a). The judge further stated defendant's

4

claim regarding the failure to produce the jail records should have been filed as a petition for PCR and also was time-barred under Rule 3:22-12(a).

Regarding the failure of counsel to call alibi witnesses who were known at the time of trial, the judge concluded the issue should have been raised earlier in a PCR petition, defense counsel's failure to investigate or call alibi witnesses did not constitute ineffective assistance of counsel, and, in any event, the claim was time-barred.

On the motion for a new trial based on the newly discovered evidence of records from the county jail, the judge explained the records confirmed defendant and Williams were both incarcerated in the same facility at the same time. The judge further found Williams's trial testimony was consistent with the jail records. Because the jail records were not exculpatory and did not contradict Williams's trial testimony, the judge rejected defendant's Brady violation argument.

On appeal, defendant raises the following arguments:

> THE MOTION COURT ERRED IN DENYING DEFENDANT'S MOTIONS FOR POST-CONVICTION RELIEF AND FOR A NEW TRIAL BECAUSE COUNSEL WERE INEFFECTIVE FOR FAILING TO INVESTIGATE ALIBI AND OTHER EXCULPATORY EVIDENCE PURSUANT TO STRICKLAND v. WASHINGTON, 466 U.S. 668 (1984). [DEFENDANT]'S MOTIONS ALSO

5

SHOULD HAVE BEEN GRANTED PURSUANT TO STATE v. CARTER, 85 N.J. 300 (1981), BASED ON NEWLY DISCOVERED EVIDENCE, AND DUE TO THE STATE'S VIOLATION OF BRADY v. MARYLAND, 373 U.S. 83 (1963). AT A MINIMUM, THE MOTION COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING.

1. [Defendant] Presented a Prima Facie Case of Ineffective Assistance of Trial and PCR Counsel, and the Motion Court at a Minimum Should Have Held an Evidentiary Hearing. In Addition, Fundamental Fairness Requires That His Claims Not Be Time Barred.

2. The Exculpatory Evidence Should Also Have Been Considered Newly Discovered Evidence Because It Was Not Known to [Defendant] Prior to Trial Due to Ineffective Assistance of Counsel.

3. The State's Failure to Produce Exculpatory Jailhouse Records Was a Brady Violation, and At a Minimum, The Motion Court Should Have Held a Hearing On This Issue.

I.

We first address defendant's argument that his trial and PCR counsel were ineffective in failing to interview alibi witnesses and present those witnesses at trial. We disagree.

We "review a judge's decision to deny a PCR petition without a hearing for abuse of discretion." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

However, if "the PCR court has not conducted an evidentiary hearing," we "review its legal and factual determinations de novo." Ibid. (quoting State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020)).

Rule 3:22-12(a)(1) governs time limits for filing first petitions for PCR. Rule 3:22-4(b) and Rule 3:22-12(a)(2) govern time limits for filing subsequent petitions for PCR. Because this was not defendant's first PCR petition,[3] Rule 3:22-12(a)(2) applies. The Rule states:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the

---

[3] The court believes this is defendant's ninth PCR petition or post-conviction application related to Indictment No. 96-04-0511.

7

defendant on the first or subsequent application for post-conviction relief is being alleged.

[R. 3:22-12(a)(2).]

Rule 3:22-4(b)(1) requires dismissal of a second or subsequent petition if not timely under Rule 3:22-12(a)(2)

Here, defendant's PCR petition for ineffective assistance of trial counsel did not assert a new right under subsection (A) or raise an issue as to his PCR counsel under subsection (C). Thus, defendant's subsequent PCR petition was required to be filed within one year of "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence" under subsection (B).

Defendant filed his PCR petition alleging ineffective assistance of trial counsel on November 22, 2021, twenty-four years after his 1997 convictions. Thus, defendant's subsequent PCR petition was twenty-three years late and time-barred under Rule 3:22-12(a)(2)(B). On this record, we are satisfied the judge did not abuse his discretion in denying defendant's PCR petition as to defense trial counsel because defendant's latest petition was "way out of time."

Regarding defendant's claims addressing ineffective assistance of PCR counsel, defendant never asserted such a claim in his briefs submitted to the

8

PCR judge. Before the PCR judge, defendant asserted ineffective assistance claims against his trial counsel related to the failure to investigate alibi witnesses and present their testimony at trial. Defendant's assertions against his PCR counsel were broached at oral argument before the PCR judge but were not contained in defendant's supporting briefs.

"Generally, issues not raised below, even constitutional issues, will not ordinarily be considered on appeal. . . ." State v. Walker, 385 N.J. Super. 388, 410 (App. Div. 2006). Defendant did not raise the issue of PCR counsel's ineffectiveness until he filed his brief on appeal.

However, we need not address whether defendant waived his ineffective assistance claim against PCR counsel because Rule 3:22-12(a)(2)(C) precludes a defendant from filing subsequent PCR petitions more than one year after "the date of the denial of the . . . application for [PCR] where ineffective assistance of counsel that represented the defendant on the . . . application for [PCR] is being alleged."

From the record, it is clear defendant failed to timely assert an ineffective counsel claim against his PCR counsel. Defendant's post-conviction applications under the various indictments were denied in 2000, 2012, and 2015, respectively. Further, defendant's prior motions to correct an illegal sentence

9

under the separate indictments were denied in May 2015 and January 2019, respectively. Additionally, in defendant's direct appeals under the separate indictments, we affirmed his convictions in December 1997 and August 2005. Defendant's petition and applications in this matter were filed in November 2021, April 2022, and January 4, 2023. None of defendant's applications were filed within the one-year limit for pursuing an ineffective assistance of PCR counsel claim pursuant to Rule 3:22-12(a)(2)(C).

Contrary to defendant's argument, the time limits set forth in Rule 3:22-12 may not be enlarged. See State v. Jackson, 454 N.J. Super. 284, 292-93 (App. Div. 2018). Rule 1:3-4(c) states "[n]either the parties nor the court may . . . enlarge the time specified by . . . R. 3:22-12 (petitions for post-conviction relief)." Rule 1:3-4(c) likewise prohibits enlarging the time in which a defendant can file a motion for a new trial pursuant to Rule 3:20-2.

## II.

Defendant asserts he is entitled to a new trial based on newly discovered evidence—specifically, certifications provided by new alibi witnesses. We are unpersuaded.

To secure a new trial based on newly discovered evidence, a defendant must satisfy each part of a three-prong test. State v. Ways, 180 N.J. 171, 187

10

(2004). Defendant must show the evidence is "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Szemple, 247 N.J. 82, 99 (2021) (quoting State v. Nash, 212 N.J. 518, 549 (2013)); see also State v. Carter, 85 N.J. 300, 314 (1984).

On this record, we are satisfied the judge properly denied the motion for a new trial based on newly discovered evidence because defendant failed to meet the requisite test for such relief. First, the purported newly discovered evidence was available at the time of trial. Further, defendant knew the individuals in attendance at a party in Pennsylvania who allegedly would have placed him at that party at the time of the robbery. Additionally, the evidence was not likely to change the jury's verdict given the State's presentation of other evidence against defendant, including evidence tying defendant to the gun used in the robbery.

### III.

We next consider defendant's argument that the judge erred in denying his motion for a new trial based on the State's purported Brady violation for failing to produce Williams's jail house records prior to trial. We reject this argument.

11

In <u>Brady v. Maryland</u>, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.  To establish a <u>Brady</u> violation, "(1) the evidence at issue must be favorable to the accused, either as exculpatory or impeachment evidence; (2) the State must have suppressed the evidence, either purposely or inadvertently; and (3) the evidence must be material to the defendant's case."  <u>State v. Higgs</u>, 253 N.J. 333, 355 (2023) (quoting <u>State v. Brown</u>, 236 N.J. 497, 518 (2019)). "[E]vidence is material if there is a 'reasonable probability' that timely production of the withheld evidence would have led to a different result at trial." <u>Brown</u>, 236 N.J. at 520 (citing <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985)).  A defendant must satisfy all three elements to find a violation of his or her constitutional due process right to a fair trial.  <u>Id.</u> at 518 (citing <u>Brady</u>, 373 U.S. at 87).

In accordance with these principles, <u>Rule</u> 3:13-3(b) requires certain material be provided to the defense prior to trial.  <u>State v. Richardson</u>, 452 N.J. Super. 124, 132 (App. Div. 2017).  "The disclosure obligation pertains to 'relevant material . . . .'"  <u>Ibid.</u> (quoting <u>R.</u> 3:13-3(b)(1)).  "[R]elevant material"

is evidence that has "a tendency in reason to prove or disprove [a] fact of consequence to the determination of the action." Ibid. (second alteration in original) (quoting State v. Gilchrist, 381 N.J. Super. 138, 146 (App. Div. 2005)).

Having reviewed the record, we agree with the PCR judge that the county jail records were not material or exculpatory. As a result, the State had no duty to produce the records.

Here, the jail records supported Williams's testimony that he shared a cell in the county jail with defendant around the time of the robbery. Further, the jail records were equally available to defendant.

Additionally, defendant was not disadvantaged by the absence of the county jail records at the time of trial. Defendant's trial counsel extensively cross-examined Williams regarding his recollection of the discussions with defendant while the two were in the county jail.

Nor were the jail records material. The State relied on more than Williams's testimony to prosecute defendant. The State proffered other evidence at trial supporting defendant's role in the robbery, including testimony from witnesses linking defendant to the weapon used during the robbery. Thus, production of the jail records would not have led to a different outcome at trial.

IV.

We also reject defendant's argument that he was entitled to an evidentiary hearing on his PCR and new trial motions. We review a PCR judge's determination to proceed without an evidentiary hearing for abuse of discretion. Brewster, 429 N.J. Super. at 401. In the absence of an evidentiary hearing, we exercise de novo review over the factual inferences drawn from the record before the PCR judge. State v. Harris, 181 N.J. 391, 421 (2004). We review a PCR judge's legal conclusions de novo as well. Id. at 415-16. A defendant is not entitled to an evidentiary hearing by merely raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Because defendant's applications were time-barred, he failed to establish a prima facie right to PCR based on ineffective assistance of counsel. Therefore, defendant was not entitled to an evidentiary hearing.

To the extent we have not addressed any of defendant's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14

A-0831-23